OPINION *Page 2 
{¶ 1} Plaintiff-appellant the State of Ohio ("the State") brings this appeal from the judgment of the Court of Common Pleas of Logan County granting defendant-appellee James Werner's ("Werner") motion to dismiss. For the reasons below, the judgment is reversed.
 {¶ 2} On July 10, 2006, Werner was driving his vehicle on U.S. 68. Logan County Sheriff Deputy Todd Shreve ("Shreve") attempted to initiate a traffic stop by activating his lights and siren. Werner pulled over a mile later. After Shreve exited his vehicle and started to approach Werner's vehicle, Werner sped off prompting a high speed chase. Werner traveled at speeds of 95 miles per hour, ran stop lights, and caused other motorists to swerve off the road. The chase ended with Werner crashing his vehicle into another vehicle, injuring the passengers. Werner then attempted to flee on foot, but was later apprehended. As a result of the chase, Werner was charged with numerous traffic violations including reckless operation in violation of R.C. 4511.20. On August 25, 2006, Werner entered a plea of no contest to this charge and was found guilty by the Bellefontaine Municipal Court.
 {¶ 3} On October 10, 2006, Werner was indicted for failure to comply with an order or signal of a police officer in violation of R.C.2921.331(B) (C)(5)(a)(ii). Werner filed a motion to dismiss the indictment on February 23, *Page 3 
2007. Werner claimed that the prosecution for the failure to comply was barred by double jeopardy since he was already convicted of reckless operation for the same incident. A hearing was held on the motion. On March 1, 2007, the trial court granted the motion to dismiss. The State appeals from this judgment and raises the following assignment of error.
 The trial court erred in dismissing the indictment against [Werner] when it found that [Werner's] conviction for reckless operation in violation of R.C. 4511.20, a minor misdemeanor, bars a subsequent prosecution on double jeopardy grounds for the offense of failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331(B) (C)(5)(a)(ii), a felony of the third degree, by finding that reckless operation is a lesser included offense of failure to comply.
 {¶ 4} The sole assignment of error raised by the State is whether reckless operation is a lesser included offense of failure to comply. This question has been addressed by the Ohio Supreme Court in State v.Fairbanks, ___Ohio St.3d___, 2008-Ohio-1470, ___ N.E.2d ___. InFairbanks the Court held that a conviction pursuant to R.C. 2921.331(B) with the specification that the driver caused a substantial risk of serious physical harm to persons or property is not barred by a prior conviction for reckless operation arising out of the same incident. Since the Supreme Court's holding in Fairbanks is directly on point, this court has no choice but to find that the trial court erred in granting Werner's motion to dismiss. The assignment of error is sustained. *Page 4 
 {¶ 5} The judgment of the Court of Common Pleas of Logan County is reversed and the matter is remanded for further proceedings.
Judgment reversed and cause remanded.
 ROGERS and PRESTON, JJ., concur. *Page 1